Mohamed Musleh KORIN, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70665.**

**Agency No. A70–635–314.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Rosy H. Cho, McVey, Mullery & Dulberg, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Coun-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Jennifer Keeney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Mohamed Musleh Korin, a native and citizen of Yemen, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222–23 (9th Cir. 2002). We review the IJ's decision as the final agency determination, *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003), and we review for substantial evidence any adverse credibility determination, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We grant the petition for review.

Substantial evidence does not support the IJ's adverse credibility determination because the record does not support the IJ's finding that there were discrepancies or inconsistencies in Korin's written and oral statements about his combat experience and tribal origins. The discrepancy between the birth dates given on two of Korin's documents was minor, and the IJ did not explain why the discrepancy was significant for Korin's asylum claim. *See Shah,* 220 F.3d at 1068.

We therefore remand this matter to the BIA for a determination, accepting Korin's testimony as credible, whether Korin is eligible for asylum or withholding of deportation, and for the exercise of discretion whether to grant his asylum application. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

